# PHILLIPS *v.* KEPLER.

---

ALIMONY; PLEADING; ACTION IN DEBT; JOINDER OF DEBT AND ASSUMPSIT; FINALITY OF DECREE; AFFIDAVIT OF DEFENSE; PARTIES TO ACTION.

1. A count in a suit for unpaid alimony, setting out an unrecalled decree

NOTE.—On effect of divorce in one state or county upon right of action for alimony in another, see notes in 59 L.R.A. 180, and 34 L.R.A. (N.S.) 1106.

of a court of another jurisdiction for the payment of alimony, states an action in debt, being founded on a judgment record.

2. A count in debt may be joined with a count in assumpsit under sec. 1532, D. C. Code (31 Stat. at L. 1418, chap. 854). (Citing *Minton v. F. G. Smith Piano Co.* 36 App. D. C. 137.)

3. A decree of a court of another state for the payment of alimony is final as to instalments past due, although it is subject to change by the court, where under the law of such other state a modification of the decree would only operate prospectively.

4. An affidavit of defense in a suit for alimony in arrears is insufficient, where it simply alleges an agreement between the parties whereby the plaintiff was to accept monthly payments less than those allowed by the court, but admits that there is a balance due under such agreement: since such agreement is without consideration, and, if considered as an accord and satisfaction, is unexecuted.

5. An action for past due instalments of alimony under a decree providing for their payment to a wife for the support of her children may be brought in her own name, and need not be brought by her as trustee, or by the children through their next friend.

No. 3060.   Submitted December 10, 1917.   Decided March 4, 1918.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia for the plaintiff for want of a sufficient affidavit of defense. *Affirmed.*

The COURT in the opinion stated the facts as follows:

A Nebraska court of competent jurisdiction granted the appellee, Anna M. Kepler, a divorce from the appellant, Louis E. Phillips, and in the decree made this provision with respect to alimony: "It is further ordered and decreed that the said defendant pay to the plaintiff herein, twenty-five dollars ($25) per month for the support of said children until the further order of this court; and that said payments to commence April 1, 1909, and to be paid on the first day of each and every month thereafter." The defendant failed to comply with the decree to the extent of $953.50, and this suit was brought for the purpose of compelling him to perform the duty imposed by the court.

The declaration contained two counts; the first set out the

decree of the Nebraska court, and the second embraced the common counts. The defendant demurred, and the demurrer was overruled. Then he filed a plea of *nil debit* and an affidavit of defense. The plaintiff moved for judgment on the ground of the insufficiency of the affidavit. Her motion was sustained.

*Mr. S. McComas Hawken, Mr. George F. Havell,* and *Mr. John Ridout* for the appellant.

*Mr. Frederick De C. Faust, Mr. Charles F. Wilson,* and *Mr. David B. Carrick* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Four propositions are argued by appellant: (a) That the first count of the declaration sounds in assumpsit when it should be in debt; (b) that if it is in debt, it is improperly joined with the second count, since, as he claims, that is in assumpsit, and debt and assumpsit, he asserts, cannot be joined; (c) that the decree of the Nebraska court is not final and hence is not entitled to the protection of the full faith and credit clause of the Constitution of the United States; and (d) that his affidavit of defense is sufficient.

Taking these questions up in their order, we first consider the ones relating to the pleading. The first count is in debt, and the defendant so understood it else why did he file a plea of *nil debit?* If he believed it was in assumpsit, as he now urges, his plea should have been non assumpsit. We think his first interpretation was right, though his plea was wrong. It should have been *nul tiel record.* *Mills* v. *Duryee,* 7 Cranch, 481, 482, 3 L. ed. 411, 412; *Hilton* v. *Buyot,* 159 U. S. 113, 182, 40 L. ed. 95, 114, 16 Sup. Ct. Rep. 139. The count in question clearly states an action in debt, being founded on a judgment record. "Alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is." *Barber* v. *Barber,* 21 How. 582, 595, 16 L. ed. 226, 230, construed and followed in *Sistare* v. *Sistare,* 218 U. S. 1, 13,

54 L. ed. 905, 909, 28 L.R.A. (N.S.) 1068, 30 Sup. Ct. Rep. 682, 20 Ann. Cas. 1061. Albeit the first count sounded in debt and the second in assumpsit, they were properly joined under our Code, which says: "The plaintiff may join in his declaration in debt in separate counts, different claims for liquidated amounts due him, whether founded on judgment, specialty, or simple contract, and also claims for unliquidated damages for breach of contract, whether growing out of specialties or simple contract.  *  *  *"  Sec. 1532 [31 Stat. at L. 1418, chap. 854] ; see also *Minton v. F. G. Smith Piano Co.* 36 App. D. C. 137, 33 L.R.A. (N.S.) 305.

The contention against the finality of the decree is based upon the provision which says that the requirement touching the alimony is to endure only "until the further order" of the court.  But this does not disprove its finality as to instalments past due.  The decree may no doubt be altered by the court as to future payments, but there is no suggestion in it that, as to the instalments which have matured, it is not final.  In the *Sistare Case,* pp. 13, 17, it was held that a decree like the one before us "operated to cause an indebtedness to arise in her [the wife's] favor as each instalment of alimony fell due, and that a power to modify, if exerted, would only operate prospectively."  If we may reason from the rule which obtains in statutory construction, a retroactive effect should not be given to the exercise of any power to recast a decree, unless the language defining the power leaves no choice.  *United States* v. *American Sugar Ref. Co.* 202 U. S. 563, 50 L. ed. 1149, 26 Sup. Ct. Rep. 717.  No Nebraska statute nor decision has been brought to our attention which would authorize the court under the power reserved to so change the decree as to affect the instalments past due.  In view of this and of the authorities cited, we hold that the modification of the decree, if made, would operate prospectively only, and hence that the decree is final as to the instalments of alimony in arrears.

Did the court err in adjudging that the affidavit of defense was devoid of merit?  The affidavit alleges that there was an agreement between the defendant and the plaintiff whereby she was to accept $15 per month instead of the $25 per month

allowed her by the court, and admits that defendant has not paid plaintiff $101.50 of the sum that would be due her under this arrangement.

A mere agreement to take less than the amount of a liquidated debt is without consideration and is nonenforceable. This is elementary. *Andrews* v. *Haller Wall Paper Co.* 32 App. D. C. 392, 16 Ann. Cas. 192; *Chicago, M. & St. P. R. Co.* v. *Clark,* 178 U. S. 353, 365, 44 L. ed. 1099, 1105, 20 Sup. Ct. Rep. 924; *Fire Ins. Asso.* v. *Wickham,* 141 U. S. 564, 577, 35 L. ed. 860, 866, 12 Sup. Ct. Rep. 84. Nor is the defense sound on the theory of accord and satisfaction. Defendant owes $101.50 of the amount which he says he agreed to pay plaintiff in pursuance of the agreement. The Supreme Court of the United States in *Memphis* v. *Brown,* 20 Wall. 289, 309, 22 L. ed. 264, 268, approved this statement of the law: "The accord must be executed, and a mere executory agreement can never be pleaded as an accord and satisfaction. * * * 'If part of the consideration agreed on be not paid the whole accord fails.'"

It is finally urged that plaintiff had no right to bring the action in her own name. It should have been brought by her, defendant says, as trustee or by the children through their next friend. We cannot assent to this. The decree provides that the money shall be paid to her for the support of the children. She has a right, therefore, to sue for it and receive it for the purposes stated. *National City Bank* v. *Bankers Trust Co.* 37 App. D. C. 553, 554.

No matter from what angle we approach the questions involved, we must agree with the learned trial judge that "not even a prima facie defense" has been made by the appellant.

The judgment is affirmed, with costs.          *Affirmed.*

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Justice VAN ORSDEL.