COLE v. COLE et al.

(Court of Appeals of District of Columbia. Submitted January 8, 1920. Decided March 1, 1920.)

No. 3280.

1. DIVORCE ⟨⟩146—MOTION TO REOPEN CASE FOR ADDITIONAL EVIDENCE IMPROPERLY DENIED.

In a husband's suit for divorce, where the evidence of adultery between him and a corespondent was entirely circumstantial and, after the court had announced that both the bill and cross-bill would be dismissed because of adultery of both plaintiff and defendant, the husband submitted affidavits of three physicians, who had conducted separate physical examinations of the corespondent, that she was a virgin, a motion to reopen the case should have been granted.

2. DIVORCE ⟨⟩146—RULES OF PROCEDURE NOT AS STRICT AS IN JURY TRIALS.

A divorce suit is a proceeding in equity, and the chancellor has full supervision of the trial, and is not incumbered by rules of procedure with the same strictness as in jury trials.

Appeal from the Supreme Court of the District of Columbia.

Suit by G. R. Lee Cole against Minnie B. Cole and others. From a decree dismissing the bill and cross-bill, plaintiff appeals. Reversed and remanded, with instructions, as against appellant.

Crandal Mackey, of Washington, D. C., for appellant.
R. H. McNeill, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Appellant brought suit for divorce in the Supreme Court of the District of Columbia charging appellee, his wife, with adultery. Appellee answered, denying the charges contained in the bill, and filed a cross-bill charging appellant with adultery, and praying an absolute divorce.

At the conclusion of the trial the court entered a decree, in part, as follows:

"That the prayers for divorce a vinculo matrimonii in both the original and cross-bill herein be and they are hereby denied, because of the adultery committed by the defendant in the original bill, Minnie B. Cole, with two of the corespondents named therein, * * * and because of the adultery committed by the defendant in the cross-bill, George R. Lee Cole, with * * * the corespondent named therein."

From the decree plaintiff appeals.

The appeal can be disposed of on a single assignment of error. It appears that when the case closed the court announced what his decree would be, but before the decree was entered appellant moved the court to reopen the case for the purpose of taking the testimony of three physicians and surgeons whose affidavits were attached to the motion. The affidavits were each to the effect that the corespondent with whom appellant was found to have had adulterous relations had submitted herself to a physical examination and had been found by each of the physicians to be a virgin. In each instance the physician conducted a separate, individual examination, and expressed his personal conviction independently of the opinion of the others.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] We think it was error for the court to refuse to reopen the case, and receive the testimony of these physicians and of other witnesses that might have been produced on this point. This is a proceeding in equity, where the chancellor has full supervision of the trial. He is not incumbered by rules of procedure with the same strictness as in jury trials; though it may well be that the showing here, if made after the verdict of a jury, would have been sufficient to compel the granting of a new trial. But it did not call for a new trial. It could have been admitted as additional evidence, which, if found to be true, would have disposed of appellant's case.

The party primarily affected by the denial of the motion, and the one calling for equitable protection, is the girl, the corespondent, at the time of the alleged adultery under 20 years of age. The evidence against her is entirely circumstantial, with an equal number of witnesses on each side, none of whom could be said to be disinterested. Her future reputation is at stake. Her life has been blasted by this decree, if allowed to stand. It has imposed a stigma upon her character, which time and upright conduct in the future cannot wholly erase; while this evidence, if found to be true, will redeem her from disgrace and restore to her that esteem which is equitably and charitably her due.

The decree is final as to appellees, since no appeal was taken therefrom; but as to appellant it is reversed, with costs taxed against the appellant, and the cause remanded, with instructions to grant a new trial.

Reversed and remanded.