## CAFFREY v. CAFFREY.

(Court of Appeals of District of Columbia. Submitted March 5, 1925. Decided April 6, 1925.)

No. 4172.

1. **Divorce** ⬤⟾245(1) — **Under statute, court may not remit overdue alimony.**

Code, §§ 976, 978, authorizing court's allowance of permanent alimony, and providing that, after decree of divorce in any case granting alimony, case "shall still be considered open for any further orders in those respects," operates only prospectively, and not retroactively, and court is without authority to remit overdue alimony on showing that default arose from personal injuries, resulting in incapacity to work.

2. **Divorce** ⬤⟾269(9)—**Failure to pay alimony arising from personal injuries not contempt.**

On showing that default in payment of alimony was due to personal injuries, resulting in inability to work, court would not adjudge husband guilty of contempt.

Appeal from Supreme Court of District of Columbia.

Suit for divorce by Mildred E. Caffrey against Harvey B. Caffrey. From a decree remitting overdue alimony, which had accrued under a prior decree in favor of plaintiff, she appeals. Decree reversed, and cause remanded.

T. F. Cullen, of Washington, D. C., for appellant.

Mark Stearman and Henry Stearman, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District remitting $90 of alimony that had accrued under a prior decree of the court in favor of the appellant. On March 3, 1923, a decree of divorce was awarded appellee, and appellant directed to pay $30 per month as alimony. Becoming in arrears, he was cited to show cause why he should not be adjudged in contempt. Answering, he alleged that he had sustained personal injuries, and for a time had been unable to work. He acknowledged the indebtedness, and averred that he was desirous of paying and would pay the amount as soon as able to earn the necessary money. Thereupon the court entered an order remitting part of the amount due, and from that order this appeal was noted.

[1] Under section 976 of the Code, authority is expressly conferred upon the court below to decree a wife permanent alimony for her support and that of any minor children, upon the granting of a divorce to her. Section 978 provides that, after a decree of divorce in any case granting alimony, for the purposes above mentioned, "the case shall still be considered open for any future orders in those respects." The question, therefore, is whether this reservation is prospective or retroactive.

We think this question is determined by our decision in Phillips v. Kepler, 47 App. D. C. 384, 387. In that case a divorce had been granted a wife by a Nebraska court of competent jurisdiction, the decree to be in force only "until the further order" of the court. In this court it was contended that the decree as to past installments was not final, but we said: "The contention against the finality of the decree is based upon the provision which says that the requirement touching the alimony is to endure only 'until the further order' of the court. But this does not disprove its finality as to install-

ments past due. The decree may no doubt be altered by the court as to future payments, but there is no suggestion in it that, as to the installments which have matured, it is not final. In the Sistare Case, pages 13, 17, it was held that a decree like the one before us 'operated to cause an indebtedness to arise in her (the wife's) favor as each installment of alimony fell due, and that a power to modify, if exerted, would only operate prospectively.' If we may reason from the rule which obtains in statutory construction, a retroactive effect should not be given to the exercise of any power to recast a decree, unless the language defining the power leaves no choice. United States v. American Sugar Ref. Co., 202 U. S. 563, 50 L. Ed. 1149, 26 S. Ct. 717. No Nebraska statute nor decision has been brought to our attention which would authorize the court under the power reserved to so change the decree as to affect the installments past due. In view of this, and of the authorities cited, we hold that the modification of the decree, if made, would operate prospectively only, and hence that the decree is final as to the installments of alimony in arrears."

The language of section 978 does not, in our view, clothe the court with the power exercised in this case. It does no more than authorize the court, as conditions change, to alter or modify its decree as to future payments, as was the effect of the ruling in Phillips v. Kepler.

[2] Of course, upon such a showing as was made in this case, the trial court would not adjudge a husband in contempt because in arrears as to alimony.

The decree is reversed, with costs, and cause remanded for further proceedings not inconsistent with this opinion.

Reversed.