## BISCAYNE TRUST CO. v. AMERICAN SECURITY & TRUST CO.

Court of Appeals of District of Columbia.
Submitted January 7, 1927. Decided
May 26, 1927.

No. 4485.

1. **Divorce ☞277—Executor of wife held entitled to recover of husband's administrator unpaid alimony, as against claim of oral agreement of wife to accept less than amount allowed.**

Executor of deceased wife *held* entitled to recover from administrator of husband by bill of revivor unpaid alimony due under decree of divorce previously obtained by wife, as against claim of parol agreement of wife to accept less alimony than provided for in decree.

2. **Equity ☞305—Wife's executor, seeking to recover unpaid alimony of husband's administrator, held without remedy at law, and entitled to maintain bill of revivor (Code, § 978).**

Executor of deceased wife, suing administrator of deceased husband by bill of revivor to recover unpaid alimony, *held* not to have adequate remedy at law, precluding proceeding in equity, in view of Code, § 978.

3. **Equity ☞39(1)—Generally, court of equity, having acquired jurisdiction, will retain it to administer complete relief.**

As a general rule, a court of equity, which has obtained jurisdiction of a controversy for any purpose, will retain it for the purpose of administering complete relief, particularly with respect to enforcement of its own decree.

4. **Divorce ☞83—Court's jurisdiction over divorce decree is not lost on plaintiff's death (Code, §§ 243, 251, 978).**

Jurisdiction of court over divorce decree under Code, § 978, is not lost by reason of death of plaintiff, in view of sections 243 and 251, providing for a revivor.

5. **Divorce ☞277—Bill of revivor by wife's executor against husband's administrator to recover unpaid alimony held not without equity because of husband's gifts.**

Bill of revivor by wife's executor against husband's administrator to recover unpaid alimony *held* not without equity, by reason of large gifts of husband to both wife and children, whereby they were all established in affluent circumstances.

6. **Divorce ☞277—After death of parties, court cannot set aside or reduce decree as affects past-due alimony (Code, §§ 976, 978).**

After death of parties to divorce action, it is too late for the court to set aside or reduce alimony allowed; court's jurisdiction, under Code, §§ 976, 978, being operative prospectively only.

Appeal from the Supreme Court of the District of Columbia.

Bill of revivor by the American Security & Trust Company, executor of Emma C. Bliss, deceased, against the Biscayne Trust Company, administrator of the estate of Alonzo O. Bliss, deceased. Decree for plaintiff, and defendant appeals. Affirmed.

D. T. Wright and Philip Ershler, both of Washington, D. C., for appellant.

P. E. Lesh, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This appeal challenges a decree of the lower court granting a bill of revivor filed by the executors of a deceased wife against her surviving husband, for alimony alleged to be due to her at the time of her decease. Since the appeal was taken the husband also has departed this life, and his estate is represented herein by an administrator.

In the year 1904, Emma C. Bliss, as plaintiff, brought suit for divorce and alimony against her husband, Alonzo O. Bliss, and on March 31st of that year the court granted her an absolute divorce, and decreed that the defendant should pay her as alimony $1,000 on or before the 1st day of each month thereafter, beginning with April 1, 1904, and continuing during her natural life. It was expressly provided in the decree that it should be without prejudice to the right of the complainant to apply for an increase of the monthly payments, or the right of the defendant to apply for a reduction thereof, if there should thereafter be a substantial change in his financial condition.

Afterwards, to wit, on February 24, 1919, the plaintiff, Emma C. Bliss, filed a petition in the same case, reciting the foregoing facts, and alleging that no application had ever been made to the court by either party for any modification in the matter of the monthly payments, and averring that in December, 1917, the defendant, by means of untrue and misleading statements, conveyed to plaintiff through their son, to the effect that defendant's annual income had substantially decreased, induced plaintiff to consent to the reduction of the monthly payments aforesaid from the sum of $1,000 to $500 per month, and that from December, 1917, until March, 1918, plaintiff accepted the sum of $500 each month as and for her monthly alimony. Plaintiff alleged that in February or March, 1918, she first learned that defendant's income had been improving, instead of decreasing, whereupon she demanded full payment of the alimony as allowed by the court, to wit, the sum of $1,000 per month, both for

arrears of past alimony and for future payments thereof. Plaintiff prayed for an order requiring defendant forthwith to pay her the deficiency accrued because of the reduction aforesaid, and thereafter to pay her the full sum of $1,000 per month as provided by the court's decree.

No pleading of any kind was filed by defendant to this petition, and on March 10, 1919, it was ordered by the court that the defendant should pay to plaintiff the sum of $7,500, as arrears of alimony accrued between December, 1917, and February, 1919, and thereafter should continue to pay the sum of $1,000 monthly to plaintiff in accordance with the court's prior decree.

Afterwards, to wit, on January 25, 1922, the plaintiff, Emma C. Bliss, departed this life, and on April 28, 1923, the appellee, as executor of her estate, filed a bill of revivor in the case, reciting the foregoing facts, and alleging that the defendant, notwithstanding the court's order of March 10, 1919, had failed to pay the sum of $7,500 arrears, and had failed to pay $1,000 per month as required thereby, but had continued to pay no more than $500 per month, from and after the date of the decree up to the date of plaintiff's decease. The executor alleged accordingly that the sum of $29,152.40 was due to plaintiff's estate as of January 25, 1923, and that interest should be computed on $25,000 thereof from that date to the time of payment. The executor prayed that an unconditional decree for the payment of the sum stated be entered against the defendant.

The defendant thereupon filed a motion to dismiss the bill of revivor, which was denied by the court. He then answered, denying the claim of indebtedness set up in the bill, alleging that during the lifetime of the plaintiff, and after the order of the court was entered on March 10, 1919, an agreement was entered into between the defendant and plaintiff that, if he would not appeal from said order, and if he would pay her $500 each and every month during her life, and if he would agree not to make any application during her life to vacate, set aside, or modify the order of March 10, 1919, that she would accept the payment of $500 per month during her life, in full satisfaction and discharge of his liability for alimony in the case. Defendant alleged that during the remainder of plaintiff's life he faithfully performed these stipulations upon his part, and that her executor is not entitled to any recovery against him.

The lower court sustained the bill of revivor, and ordered that the cause be revived as to the alimony accrued and unpaid at the time of plaintiff's decease, and the court found the amount thereof to be $29,152.40 with interest on $25,000 of this sum from January 25, 1923, to the date of payment, and granted plaintiff's executor an unconditional decree against defendant for the payment thereof forthwith. The present appeal was taken from this decree.

[1] We agree with the finding and decree of the lower court. The terms of the first or original decree respecting alimony are, of course, undisputed. The finding and decree entered on March 10, 1919, are equally conclusive as to the obligations of defendant then existing in respect to the plaintiff's alimony. The defendant, however, in avoidance of these obligations, has alleged and attempted to prove that he made a subsequent agreement with plaintiff whereby she waived her rights under the later decree and agreed to accept thereafter the monthly payment of $500 in full satisfaction of all alimony then due or to become due to her. The testimony in support of this allegation is unconvincing, for, in so far as it relates directly to an agreement between the parties for a reduction of the monthly payments from $1,000 to $500, it is the agreement made prior to March 10, 1919, which is referred to, and not an agreement subsequent thereto. All of these prior negotiations were passed upon and concluded by that decree, which accordingly remained binding upon the defendant.

[2-4] Appellant contends that plaintiff's executor has an adequate remedy by action at law for the recovery of any sum due because of unpaid alimony, and therefore that the present proceeding in equity by bill of revivor cannot be sustained. This claim is untenable. It is provided by section 978, D. C. Code, that, after a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered open for any future orders in those respects. The issue involved herein relates to alimony formerly decreed by the court, and jurisdiction over it was retained by the court for the enforcement of its decree. It is also a general rule that a court of equity, which has obtained jurisdiction of a controversy for any purpose, will retain such jurisdiction for the purpose of administering complete relief, particularly with respect to the enforcement of its own decree. 21 C. J. 134; McGowan v. Parish, 237 U. S. 285, 35 S. Ct. 543, 59 L. Ed. 955. Nor was the jurisdiction of the court lost by reason of the death of the plaintiff, for sections 243

and 251, D. C. Code, provide for a revivor in such cases by bill of revivor.

[5, 6] Appellant also contends that the defendant made large gifts to the plaintiff and their children, whereby they were all established in affluent circumstances, and that consequently the claim set out in the bill of revivor is lacking in equities. This contention is answered by the fact that the alimony was fixed by the court's decree, and that its terms remained in full force up to the plaintiff's death. The bill of revivor claims payment of installments thus determined and long past due. It is now too late for the court to set aside or reduce these sums. Phillips v. Kepler, 47 App. D. C. 384. In Caffrey v. Caffrey, 55 App. D. C. 285, 4 F.(2d) 952, it was held by this court that sections 976 and 978, D. C. Code, authorizing the court's allowance of permanent alimony, and providing that, after a decree of divorce in any case granting alimony, the case "shall still be considered open for any further orders in those respects," operates only prospectively, and not retroactively, and the court is without authority to remit overdue alimony on showing that default arose from personal injuries resulting in incapacity to work.

The decree of the lower court is affirmed, with costs.