## ELIASSON v. ELIASSON.
### No. 6986.

United States Court of Appeals for the District of Columbia.

Argued March 10, 1938.
Decided May 2, 1938.

Levi H. David, of Washington, D. C., for appellant.

William E. Richardson, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

Jennie Eliasson and Gustaf O. Eliasson were married April 15, 1903, in the city of Brooklyn, New York. They subsequently removed to the District of Columbia and lived there as husband and wife for twelve or fifteen years. An absolute divorce was granted by the lower court at the instance of the wife September 2, 1931, and the husband was ordered to pay alimony in the sum of $125 a month for the maintenance of the wife and minor children. At the time of the commencement of the present proceeding arrearages in alimony amounted to $2,225. In March 1937 appellant filed a petition in the court below setting out the failure of appellee to pay the installments of alimony in accordance with the former decree and asking that a rule issue requiring him to show cause why he should not be held in contempt for his neglect to comply with its provisions. The rule issued and after answer had been filed by the appellee and the hearing had, an order passed (April 20, 1937) discharging the rule, denying the petition, and reducing the amount of alimony from $125 to $75 per month effective from the date of the order.

On this appeal we are asked to set aside the order and adjudge appellee in contempt. We find nothing in the record to justify such action. Appellee's answer shows that his earnings as of the time of the original decree have been reduced approximately one half, and that, instead of five minor children for whose support the original decree provided, there are now two minor children, one nearly fifteen and the other twenty years of age. In similar circumstances we have invariably said we would not disturb the ruling of the lower court. Indeed, there must be a manifest abuse of discretion to justify interference in such a case by this court. Garrett v. Garrett, 61 App.D.C. 309, 62 F.2d 471; Jackson v. Jackson, 62 App.D.C. 346, 68 F.2d 393.

Much of the brief of appellant is directed to an argument against the power of the lower court to make its 1937 decree retroactive. The point would be worthy of consideration if the decree was susceptible of that construction. Biscayne Trust Co. v. American Security & Trust Co., 57 App.D. C. 251, 20 F.2d 267. But it is conceded by counsel for appellee that the decree operates only prospectively, and we so construe it and hold that it has no effect so far as the present arrearages are concerned. The court in discharging the rule held no more than that, on the showing of lack of present ability to pay, appellee was not in contempt.

Affirmed.