## LOCKWOOD v. LOCKWOOD.
### No. 9400.

United States Court of Appeals
District of Columbia.

Argued Jan. 13, 1947.

Decided March 31, 1947.

Mr. H. Winship Wheatley, of Washington, D. C., with whom Messrs. H. Winship Wheatley, Jr. and Louis Lebowitz, both of Washington, D. C., were on the brief, for appellant.

Mr. Milford F. Schwartz, of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a judgment of the District Court granting appellee's motion for adjudication of arrears of alimony to the amount of $1,650.00.

Two questions are presented by the appeal. First, and of general interest and importance, whether the trial court, on a motion to adjudicate arrears of alimony, should reduce or remit the amount due on the grounds that the children who were minors when the award [1] was made had reached majority at the time the default in payment commenced; and second, whether appellant was denied due process of law because of the procedure followed by the trial court in refusing to grant him credit on the arrearages for $700.00 allegedly paid to his youngest child by authority of the appellee.

---

[1] The decree of absolute divorce granted appellee in 1937 contained in part: "That the defendant, Schee Merritt Lockwood pay the plaintiff, Jane Cochran Lockwood, the sum of One Hundred ($100) Dollars per month as permanent alimony for the maintenance and support of plaintiff and the said minor children.

"That the aforesaid payments of alimony for the support of the plaintiff and minor children shall be paid in equal installments of Fifty Dollars on the 1st and 15th days of each and every month; * * *."

924

We answer both questions in the negative.

As to the first question, we have held that a single award for the support of a wife and minor children is alimony payable to the wife and is not contingent on the minority of the children.[2] True, the fact that the children do reach majority may be a ground for revision of the decree upon proper application, but a judgment on such an action looks only to the future and does not act in retrospect.[3] It is well settled in this jurisdiction that the trial court is without power to effect a revision or remittance of past due alimony.[4] The trial court acted correctly in enforcing the full payment of the accrued alimony.

As to the second question, appellant alleges that he was denied due process of law when the trial court disposed of this item of credit on the affidavits before it and refused to allow counsel for appellant to have his client come before the court. It is necessary to review the proceedings to dispose of this point. Appellee's motion to adjudicate arrears was filed on July 27, 1945. One week prior to this, on July 20, 1945, appellant had filed a motion to reduce alimony. On the same day he filed an amended motion with a supporting affidavit wherein he alleged that at the appellee's suggestion he had given the sum of $700.00 to his youngest child prior to her becoming of age and that his understanding was that this sum was to be applied to the alimony payments. This was denied by appellee in her affidavit in opposition to the amended motion to reduce alimony. Thus, while the $700.00 item was before the court in the affidavits connected with appellant's amended motion to reduce alimony, it was not brought out in appellee's motion for adjudication of arrears of alimony nor in the affidavit filed in connection with it.

The proceeding on the motion to adjudicate arrears took place on October 19, 1945. There is nothing in the record to show that the $700.00 item was brought up in this proceeding. However, on May 1, 1946, the trial court handed down a memorandum opinion granting appellee judgment for the arrears in which the court referred to the $700.00 item and disposed of it under the authority of the Biscayne Trust Co. case, supra, note 3. The final judgment for arrears was entered May 8, 1946, at which proceeding counsel for appellant brought up the $700.00 item and for the first time demanded that he be given an opportunity to bring his client before the court. The trial court ruled as a matter of law that appellant was not entitled to the credit.

We agree with the trial court that the $700.00 was not an item which could be utilized in reducing the overdue alimony. The amount of the alimony and the terms and method of paying it were fixed by the divorce decree and were in full effect at the time of the proceedings here complained of.[5] And we do not think the trial court denied appellant due process of law in this respect. Appellant did not bring up the $700.00 item as a defense to the motion to adjudge arrears of alimony but was content to let the matter remain before the court in support of his motion to reduce alimony. Neither did he ask to produce witnesses nor proceed to take depositions at any time from the time of the filing of the motion to adjudge arrears to the time of the hearing on the motion. Nor did he at the hearing. The hearing was had on the affidavits in the record without objection. Nor were any demands of this nature made between the time of the hearing and the time of the filing of the memorandum opinion; nor from the time the opinion, which was adverse to appellant's claims, was filed to the time of final judgment. It cannot be said the trial court denied appellant any legal right or due process of

[2] Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209.

[3] Eliasson v. Eliasson, 68 App.D.C. 391, 98 F.2d 263; Biscayne Trust Co. v. American Security & Trust Co., 57 App. D.C. 251, 20 F.2d 267.

[4] Biscayne Trust Co. v. American Security & Trust Co., supra; Caffrey v. Caffrey, 55 App.D.C. 285, 4 F.2d 952;

Phillips v. Kepler, 47 App.D.C. 384. See also Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A.,N.S., 1068, 20 Ann.Cas. 1061. See 94 A.L.R. 331 and Supplementing Decisions for a collection of cases from other jurisdictions.

[5] Biscayne Trust Co. v. American Security & Trust Co., supra note 3.

law in refusing his demand made at the time the final judgment was entered. Appellant makes no claim as to lack of notice as was the case in Griffin v. Griffin [6] relied on by appellant, nor was this a matter of newly discovered evidence as was the case of Cole v. Cole [7] also relied on by appellant.

Affirmed.