**12**

Mr. Henry J. Siegman, of Washington, D. C., with whom Mr. John J. O'Brien, of Washington, D. C., was on the brief, for appellant.

Mr. John Alexander, of Washington, D. C., with whom Mr. Raymond Neudecker, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

EDGERTON, Circuit Judge.

In 1934, in a suit brought by appellant against her husband, the appellee, the District Court awarded her the custody of their minor children and ordered him to pay her $50 a month "as maintenance for herself and the minor children." Twelve years later, in 1946, she moved in the same suit to adjudge him in contempt and for a money judgment for accumulated arrears. After a hearing on this motion the court found "(a) That the defendant, John W. Franklin, ceased his payments to the plaintiff December 1, 1942, after the plaintiff, Bessie E. Franklin, advised him that she would accept no more payments addressed to her under the name of Bessie E. Franklin. (b) That the plaintiff, Bessie E. Franklin, in 1938, 1939 and 1940 openly lived with one, James I. Stansberry, by whom she had a child still born on July 26th, 1939. (c) That since the year 1938 the plaintiff has gone by the name of Mrs. Bessie E. Stansberry, under which name she is now living and known. (d) That the plaintiff made no effort to collect the maintenance previously ordered from December 9, 1941 until November 7, 1946. (e) That all of the children of the parties have been emancipated by age, marriage, or employment, except June Franklin, who was seventeen years of age in September, 1946, and who is unemployed and residing with the plaintiff."

The evidence supports these findings. It shows, also, that appellant's conduct in the presence of the children made her unfit for their custody. Some of them left her during their minority and lived with appellee, who contributed directly to their support. Appellant told appellee he need pay her no more money.

The court held that appellant was guilty of laches, and also that she was "estopped to seek any further assistance from a court of equity by reason of her direct represent-

ation to the defendant upon which he relied and her conduct in general." It found that appellee was not in contempt. He had filed a cross-complaint asking a divorce on the ground of appellant's adultery. This the court granted. It ordered appellee to pay appellant $25 a month, beginning June 1, 1947, for maintenance of the daughter who was still a minor.

It did not require appellee to pay accrued arrears of maintenance under the 1934 order. The question is whether this was error. We think not. Before and also after the passage of the maintenance statute, D.C.Code 1940, § 16—415, 31 Stat. 1346, § 980, suits for maintenance have been regarded in the District of Columbia as equitable rather than legal.[1] The court exercised the discretion of a court of equity. In 1946, when the present motion was filed, the purpose of the accrued installments could no longer be accomplished since it was to provide support for appellant and the children between 1942 and 1946. And an unfair burden would be imposed upon appellee if, after he had contributed directly to the support of the children and had otherwise acted in accordance with appellant's assurance that she wanted no money from him, he were now to be required to pay her a large accumulation of arrears. Barber v. Barber, 21 How. 582, 16 L.Ed. 226, and Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R. A.,N.S., 1068, 20 Ann.Cas. 1061, do not hold that a court which formerly issued an order for maintenance or the like must, regardless of equity and good conscience, enforce payment of accrued installments years later. Those cases and Phillips v. Kepler, 47 App.D.C. 384, hold only that other courts should enforce such payment

if the court that issued the order would do so.[2] So far as Caffrey v. Caffrey, 55 App. D.C. 285, 4 F.2d 952, Biscayne Trust Co. v. American Security & Trust Co., 57 App.D. C. 251, 20 F.2d 267, and Lockwood v. Lockwood, 82 U.S.App.D.C. 105, 160 F.2d 923, imply that the issuing court lacks authority to apply equitable principles when asked to enforce payment of accrued installments under its own order,[3] those cases rest on a misunderstanding of the earlier cases and should be overruled. "The power of the court of equity to adapt its remedial relief to existing conditions and circumstances should not be curtailed."[4]

Affirmed.

WILBUR K. MILLER, Circuit Judge (dissenting).

I regret that I cannot agree with the opinion of the majority. In this case the husband simply did not pay, after December 1, 1942, the instalments of alimony which the court had ordered him to pay. The wife's misconduct may have justified this cessation had the husband taken proper steps to obtain relief because of it. He could have applied to the court at any time after December 1, 1942, for a modification of the order to relieve him from further payments because of his wife's misbehavior. Instead of doing that, he took the law into his own hands and ceased to obey the court's order. It necessarily follows that as each monthly instalment of maintenance became due after December 1, 1942, it became a fixed obligation which the court had no power to remit.

We definitely held in Caffrey v. Caffrey, 55 App.D.C. 285, 4 F.2d 952, 953, that Title 16, § 413, of the District Code,[1] is prospective only and not retroactive. We said that

---

[1] Tolman v. Tolman, 1 App.D.C. 299; Lesh v. Lesh, 21 App.D.C. 475; Bernsdorff v. Bernsdorff, 26 App.D.C. 520; Rhodes v. Rhodes, 36 App.D.C. 261.

[2] Cf. Lynde v. Lynde, 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810.

[3] A number of cases in other jurisdictions seem to take that view.

[4] Winkel v. Winkel, 178 Md. 489, 15 A. 2d 914, 919. Ex parte Jeter, 193 S.C. 278, 8 S.E.2d 490; Kumlin v. Kumlin, 200 Minn. 26, 273 N.W. 253; Atkinson v.

Atkinson, 233 Ala. 125, 170 So. 198, 200. Cf. Tolman v. Leonard, 6 App.D.C. 224, 233; Alexander v. Alexander, 13 App.D. C. 334, 352, 45 L.R.A. 806; Woehler v. Woehler, 107 Mont. 69, 81 P.2d 344; Duffy v. Duffy, 19 A.2d 236, 19 N.J. Misc. 332.

[1] "After a decree of divorce in any case granting alimony and providing for the care and custody of children, the case shall still be considered open for any future orders in those respects. (Mar. 3, 1901, 31 Stat. 1346, ch. 854, § 978.)"

its language "does no more than authorize the court, as conditions change, to alter or modify its decree as to future payments, as was the effect of the ruling in Phillips v. Kepler."[2] This ruling was approved in Biscayne Trust Co. v. American Security & Trust Co., 57 App.D.C. 251, 20 F.2d 267, 269, where we said:

"* * * It is now too late for the court to set aside or reduce these sums. Phillips v. Kepler, 47 App.D.C. 384. In Caffrey v. Caffrey, 55 App.D.C. 285, 4 F.2d 952, it was held by this court that sections 976 and 978, D.C.Code (now sections 411 and 413 of Title 16), authorizing the court's allowance of permanent alimony, and providing that, after a decree of divorce in any case granting alimony, the case 'shall still be considered open for any further orders in those respects,' operates (sic) only prospectively, and not retroactively, and the court is without authority to remit overdue alimony on showing that default arose from personal injuries resulting in incapacity to work."

This court reiterated the rule, in unequivocal fashion, in the recent case of Lockwood v. Lockwood, 82 U.S.App.D.C. 105, 160 F.2d 923. Further approval was indicated in the still more recent case of Cole v. Cole, 82 U.S.App.D.C. 155, 161 F.2d 883.

The Caffrey, Biscayne Trust and Lockwood cases do not merely "imply that the issuing court lacks authority to apply equitable principles when asked to enforce payment of accrued installments under its own order"; they expressly hold that the issuing court has no power to alter or remit unpaid and past-due instalments of alimony, even though such instalments accrued under the court's own order. I think those decisions are sound and should not be overruled.

I suggest further that the District Court's judgment was inconsistent in first refusing, on account of the wife's misconduct, to award a money judgment for accumulated arrears, and in then ordering the husband to pay the appellant $25.00 a month, beginning June 1, 1947, for maintenance of the daughter, who is still a minor and who is living with her mother. If the wife's immorality justified the District Court in remitting past-due instalments, it also required that no future payments be made to her.

It is my view that the judgment of the District Court should be reversed.

---

[2] The cited case is reported in 47 App.D.C. 384.