**QUARLES v. QUARLES.**

No. 10286.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 9, 1949.

Decided Dec. 19, 1949.

Mr. Elmer F. Bennett, Washington, D. C., with whom Mr. Richard E. M. Ely, Washington, D. C., was on the brief, for appellant.

Mr. Thomas B. Fuller, Washington, D. C. with whom Mr. Robert H. McNeill, Washington, D. C. was on the brief, for appellee.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

Messrs. Arthur L. Willcher and Jack Politz, Washington, D. C., for appellant.

No appearance for appellee.

Before McALLISTER, sitting by designation, CLARK and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

This is an appeal by a husband to whom an absolute divorce was granted because of his wife's desertion. His objection is directed to that part of the decree awarding alimony to the errant wife.

At common law and in the absence of statute, a guilty wife was generally not entitled to an award of alimony. 1 Cooley's Blackstone, Commentaries 386 (* 442) (4th ed., 1899); Madden, Persons and Domestic Relations 323 (1931). But that rule has been modified in many jurisdictions either by judicial interpretation [1] or specifically by statute, as in the District of Columbia. Under our code, alimony may be awarded to a wife even though the divorce was granted on the application of the husband "if it shall seem just and proper" to the court. 16 D.C. Code § 412 (1940). Ordinarily, the trial court's determination of the propriety of the award under all the circumstances will not be disturbed, unless an abuse of discretion is made manifest by the record. Jaffe v. Jaffe, 1941, 74 App.D.C. 394, 124 F.2d 233; cf. Eliasson v. Eliasson, 1938, 68 App.D.C. 391, 98 F.2d 263.

From the very nature of the problem, however, no fixed set of rules or formulæ can be substituted for a careful study of the particular facts and circumstances in each case. Nevertheless, certain impelling factors of an equitable nature have always affected such awards. Among the factors have been: the duration of the marriage; the number and age of the children; the age and health of the parties; their respective economic conditions—both present and prospective; the wife's contribution to the accumulation of the husband's property; the circumstances under which the divorce was granted; the effect, if any, upon the family; and the interest of society generally to prevent a person, wherever possible, from becoming a public charge.

Measured by these general criteria, the record does not support the award of alimony to appellee. She lived with appellant only thirteen months and bore him no children. The testimony disclosed that appellee's total income for 1948 was $2,731.80; she had been employed in the same permanent government position for approximately twenty-seven years before she married appellant on August 26, 1944, and did not alter her employment status at any time during or since the marriage. There is no evidence that she contributed either her funds or her industry to the accumulation of property by her husband. No loss, either financial or by way of security or status, was suffered by her as a result of the marriage. Cf. Johnson v. Johnson, 1946, 71 S. D. 255, 23 N.W.2d 451; Wilkins v. Wilkins, 1909, 84 Neb. 206, 120 N.W. 907, 908, 133 Am.St.Rep. 618. On the other hand, while the record is not at all clear with respect to the appellant's financial condition, there is some evidence which indicates that he is not a man of substantial means.

We are, therefore, constrained to agree with appellant that the award of alimony under all the circumstances of this case falls outside the permissible area of discretion vested in the trial court. That part of the judgment awarding alimony to the appellee is reversed.

[1]. Flaxman v. Flaxman, 1936, 177 Okl. 28, 57 P.2d 819–820; Adler v. Adler, 1940, 373 Ill. 361, 26 N.E.2d 504, 508; Davis v. Davis, 1910, 134 Ga. 804, 68 S.E. 594, 596, 30 L.R.A.,N.S., 73, 20 Ann.Cas. 20; Lofvander v. Lofvander, 1906, 146 Mich. 370, 109 N.W. 662.