H. Bruce PRICE, Appellant,

v.

Sarah G. PRICE, Appellee.

No. 2816.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 12, 1961.

Decided Oct. 10, 1961.

S. Churchill Elmore, Washington, D. C.,
with whom Arthur G. Lambert, Washington, D. C., was on the brief, for appellant.

James J. Bierbower, Washington, D. C.,
for appellee.

Before HOOD and QUINN, Associate
Judges, and SMITH, Chief Judge of The
Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

This appeal is the outgrowth of a suit for
a limited divorce filed by appellee against
her husband, appellant herein. Thereafter
she requested that the case be dismissed.
Contained in the motion to dismiss filed by
her attorney was a request for an order requiring the husband to pay counsel fees.
This attorney had represented appellee for
several months, first, in trying unsuccessfully to effect a satisfactory separation
agreement and, secondly, in filing suit. At
the conclusion of the hearing of testimony
on the motion the court awarded appellee's
attorney $2,500, less $250 which she had
previously paid as a retainer. From this
award the husband appeals.

Of the several contentions raised, the
only one which requires discussion concerns the trial court's alleged prejudgment
of the issues and hostility toward appellant
and his witness. The record shows that
at the opening of the hearing the court
endeavored to persuade counsel to agree
on a fee. Appellant's attorney informed
the court that they were unable to come
to terms. The judge then stated: "Now,
if [appellant] wants me to fix it he will
probably get stuck." Noting that appellant
was present and had heard the colloquy,
the court asked him, "Do you want to go
outside and confer with the two attorneys
about a fee, or do you want to sit there and
get stuck?" Appellant replied that he considered his wife's retainer sufficient and that
he doubted whether her counsel had "earned
even that much." Following this declaration, the court said to appellant, "If you
want me to fix it, you will get stuck because
I believe in high fees and good ones." As
we view it, these remarks could have suggested but one thought to appellant and his
counsel—either they settle then and there
or accept the consequences. There would
be no impartial hearing on the merits.

We believe enough of the proceedings
has been recited to support appellant's claim
that he was denied a fair hearing. Like
all litigants, appellant had a right to "be
tried by a judge who is reasonably free from
bias." Silverman v. Silverman, D.C.Mun.
App.1960, 162 A.2d 773, 774. We hold the
trial judge by his attitude and remarks created "an atmosphere of hostility * * *

which prevent[ed] * * * the fair and impartial trial to which a litigant is entitled." Home Insurance Company v. Eggleston, D.C.Mun.App.1961, 170 A.2d 781, 783–784. On the basis of the record we have no alternative but to reverse.

The order awarding counsel fees is therefore vacated and the case remanded for a new hearing on the motion.

It is so ordered.