**Orie COLE, Appellant,**

v.

**Eleaise COLE, Appellee.**

**No. 3244.**

District of Columbia Court of Appeals.

Argued June 10, 1963.

Decided July 31, 1963.

QUINN, Associate Judge.

This is an appeal by a husband to whom an absolute divorce was granted on the ground of five years' voluntary separation.[1] His objection is directed to that part of the decree awarding the wife $50 per month alimony and $200 as counsel fees. He contends (1) that the trial court used an erroneous standard in computing the alimony award, and (2) that the award of counsel fees was excessive.

The husband cites Quarles v. Quarles, 86 U.S.App.D.C. 41, 179 F.2d 57 (1949), for the standards to be applied in making an alimony award. In that case the court said:

> "From the very nature of the problem, however, no fixed set of rules or formulae can be substituted for a careful study of the particular facts and circumstances in each case. Nevertheless, certain impelling factors of an equitable nature have always affected such awards. Among the factors have been: the duration of the marriage; the number and age of the children; the age and health of the parties; their respective economic conditions—both present and prospective; the wife's contribution to the accumulation of the husband's property; the circumstances under which the divorce was granted; the effect, if any, upon the family; and the interest of society generally to prevent a person, wherever possible, from becoming a public charge." [2]

■ The husband contends that these standards were ignored in the case at bar. He points to statements by the trial judge at the conclusion of the case to support his view. In commenting on the case the trial judge had said that courts are asked to award alimony in consideration of the wife's contribution to the marriage; that the wife's contribution consists of the procreation of children and companionship; that in this case there was companionship

---

Bernard D. Lipton, Washington, D. C., for appellant.

John E. Lappin, Washington, D. C., for appellee.

Before QUINN and MYERS, Associate Judges, and CAYTON (Chief Judge, Retired).

1. Code 1961, § 16-403.

2. Quarles v. Quarles, 86 U.S.App.D.C. 41, 42, 179 F.2d 57, 58 (1949).

for twelve years—the length of the marriage; that there was issue, a daughter; and that in view of these contributions the wife was entitled to alimony. While we agree that the trial judge's statements are susceptible to the interpretation advanced by counsel, a careful review of the record discloses that there was substantial evidence to support the alimony award.

During the trial testimony was offered as to the age and health of the parties; the relative economic conditions of the parties; the wife's contribution to the property accumulation of the husband; and the circumstances leading to the divorce. We feel that the trial judge considered all these factors in making the award.

We find that the award of counsel fees was equitable and that there was no abuse of discretion. The wife has also filed a motion for reasonable counsel fees for services performed in this court. Her motion is hereby granted in the amount of $75.

Affirmed.