Jewell R. MAZIQUE, Appellant,

v.

Edward C. MAZIQUE, Appellee.

No. 3615.

District of Columbia Court of Appeals.

Argued Dec. 21, 1964.

Decided Jan. 26, 1965.

Jewell R. Mazique, pro se.

Charles K. Brown, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

This is an appeal by the wife from a judgment granting the husband an absolute divorce on the ground of desertion and awarding him sole interest in real estate owned by the parties. The judgment further granted the wife custody of the minor children and ordered the husband to pay $400 a month for their support. On appeal the wife contends that the evidence did not support a judgment for divorce on the ground of desertion; and that the trial court erred in denying her alimony and an interest in the real property, neglected the interests of the children, and was biased and prejudiced against her. We find her contentions without merit.

■ Code 1961, § 16–904 (Supp. III, 1964) provides that desertion for two years constitutes a ground for absolute divorce. Since it was agreed at pretrial that the parties had not cohabited for a period of more than two years, the sole issue at trial was whether the wife deserted the marital abode on November 7, 1961. The court found that her leaving was wholly without cause. After reviewing the record, we hold that this finding was amply supported by the evidence.

■■ The wife next contends that the trial court erroneously denied her alimony and a share in the real property owned by the parties. Code 1961, § 16–913 (Supp. III, 1964) provides:

"When a divorce is granted on the application of the husband, the court may require him to pay alimony to the wife, if it seems just and proper."

In Quarles v. Quarles, 86 U.S.App.D.C. 41, 42, 179 F.2d 57, 58 (1949), the criteria for such an award were enumerated as follows:

" * * * the duration of the marriage; the number and age of the children; the age and health of the parties; their respective economic conditions—both present and prospective; the wife's contribution to the accumulation of the husband's property; the circumstances under which the divorce was granted; the effect, if any, upon the family; and the interest of society generally to prevent a person, wherever possible, from becoming a public charge."

Quarles also held that the trial court's determination would not be disturbed on appeal unless an abuse of discretion was made manifest by the record. See Cole v. Cole, D.C.App., 193 A.2d 76 (1963). Here the trial court gave particular weight to the fact that the wife had intentionally abandoned the husband and the marital home without justification and that she had made only a minimal contribution to the accumulation of the husband's property. Under the circumstances, we hold that the denial of alimony to the wife was not an abuse of discretion.

■ We also rule that the award to the husband of two properties in the District of Columbia was correct. One property was held solely in the husband's name and therefore was not subject to division by the court. Code 1961, § 16–910 (Supp. III, 1964); Wheeler v. Wheeler, 88 U.S. App.D.C. 193, 188 F.2d 31 (1951). Further, the trial court found that the wife had not contributed to the purchase of either property and that her desertion had caused a forfeiture of any interest she had obtained therein. Richardson v. Richardson, 72 App.D.C. 67, 112 F.2d 19 (1940).[1] With respect to the two properties owned by the parties in Maryland the trial court properly declined to exercise any jurisdiction. Verges v. Verges, D.C.App., 193 A.2d 208 (1963).

■■ The allegation that the trial court was biased and prejudiced is without foun-

---

1. It should be noted that in April 1961 part of this second property was sold and the wife received one-half of the net proceeds which totaled $9,262.15.

dation in the record. In a previous appeal the wife expressed dissatisfaction with court-appointed counsel and requested permission to appear at trial *pro se*. This court granted her request and she proceeded to trial with the understanding that she would not receive special consideration because of her lack of legal training. The record shows that the trial was conducted fairly and that the trial judge was patient with the wife. The argument that the judgment neglected the interests of the children is belied by the award of $400 a month for their support.

In conclusion we note that at trial the husband offered the wife a property settlement which included maintenance for herself in the amount of $400 a month, the sole ownership of one of the Maryland properties, approximately $11,000 to pay the first trust on the home in which she now resides, and various provisions respecting life insurance policies. Perhaps in reliance upon Harris v. Harris, 67 App.D.C. 85, 89 F. 2d 829 (1937), she rejected this offer. At oral argument, however, counsel for the husband intimated that the offer remained open.

Affirmed.