James W. HUNT, Appellant,

v.

Mary Virginia HUNT, Appellee.

No. 3592.

District of Columbia Court of Appeals.

Argued Feb. 23, 1965.

Decided April 12, 1965.

Alvin L. Newmyer, Jr., Washington, D. C., for appellant. Sidney A. Cohen, Washington, D. C., entered an appearance for appellant.

John J. Dwyer, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

Appellee sued for an absolute divorce on the ground of her husband's "final conviction of a felony involving moral turpitude." (Code 1961, § 16–403). She prayed for alimony and also asked that the property rights of the parties in certain real property be adjudicated. The trial court granted the divorce, awarded the wife alimony, and ruled that the wife was entitled to a half-interest in the real properties in issue. The husband has appealed.

The parties were married in 1942. In 1945 the husband purchased a rooming house for $30,000. He met the $5,000 down payment by borrowing from his mother and from a friend, and took title in his mother's name. Two years later he bought the next door property, again taking title in his mother's name, and operated both houses as a tourist home. Subsequently, although the monies advanced by appellant's mother were apparently never repaid, title to both properties was conveyed to appellant and appellee as tenants by the entireties, but were reconveyed to the mother after appellant was arrested for the crime for which he was subsequently convicted. A

third piece of property was purchased by appellant in 1948 as a home for his family. Title to this property was originally taken in the name of both parties as tenants by the entireties, but as was done with the other two properties, title was subsequently transferred to the mother after appellant's arrest.

During the period of appellant's incarceration, his mother died leaving a will naming appellant as the sole beneficiary. Accordingly, record title to all the properties here involved reverted to appellant and remained thereafter in his name alone. Prior to the commencement of the instant action he sold the first two properties, and the net proceeds from the sale, $21,683.15, are being held by a title company.

■ Appellant argues initially that the trial court had no jurisdiction to award the wife any interest in the three properties, primarily because at the time the action was brought, record title to those properties or to the proceeds therefrom was vested in the husband alone. We think such is not the law. While our Code, § 16–409, empowers the Domestic Relations Branch to apportion, upon the entry of a final decree of divorce or annulment, only *jointly* held property, it is settled that where the wife is found to have some interest, whether legal *or equitable*, in the property involved, the court may adjudicate the property rights of the parties and award the wife property which belongs to her. Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 188 F.2d 31 (1951). In the instant case, it was stipulated that prior to the husband's arrest title to all properties here in question had stood in the name of the parties jointly as tenants by the entireties. We think that on the basis of that stipulation the trial court acted properly in taking jurisdiction and hearing the case, and in making the finding of fact, amply supported by the record, that these two parties remained the equitable owners of the properties because the last transfers

to the mother were made without consideration—in an admitted attempt to prevent creditors from reaching the properties and to enable the defendant to proceed in forma pauperis in connection with his criminal conviction.

■ Appellant also argues that the trial court abused its discretion in awarding the wife any interest in the properties or the proceeds therefrom. He points to the absence of any evidence showing a direct financial contribution by the wife, and says that the finding by the trial court that the wife assisted in the operation of the business is insufficient to support the division of property ordered. Again we cannot agree. While the apportionment may to some seem unfair or even harsh, we are satisfied that the trial judge reached his conclusion "as the result of the exercise of a sound discretion." Lundregan v. Lundregan, D.C. Mun.App., 176 A.2d 790. As there noted:

"* * * [T]he direct financial contribution by the wife, although an important factor, is not the sole and decisive factor in determining her interest in the property. The trial court must 'exercise a sound judicial discretion in adjusting the property rights of the parties'; it may award a wife the amount she has contributed or a greater amount, or award her a share in the property even though she has made no direct contribution to its purchase. No hard and fast rule can be laid down. Each case must be decided on its particular circumstances * * *."

■ Finally, appellant challenges the trial court's award of $225 monthly alimony and child support as "confiscatory" and a "gross abuse of discretion." But, as has many times been said, both the award of alimony and the amount to be awarded are matters confided to the trial court's sound discretion. The exercise of such discretion will not be disturbed on appeal ex-

cept for manifest abuse—which appellant has not demonstrated here.[1] We note that appellant will always have the right to seek a reduction of the award in the trial court, upon proper proof.

Affirmed.

---

1. See, e. g., Shelton v. Shelton, D.C.Mun.App., 153 A.2d 663 (1959).