**Jewell R. MAZIQUE, Appellant,**

v.

**Edward C. MAZIQUE, Appellee.**

**No. 19212.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 30, 1965.

Decided Jan. 17, 1966.

Mrs. Jewell R. Mazique, appellant pro se.

Mr. Charles K. Brown, Jr., Washington, D. C., for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

PER CURIAM.

This is an appeal by Mrs. Jewell R. Mazique from a decision of the District of Columbia Court of Appeals, which affirmed a Domestic Relations Branch Division of the Court of General Sessions' award of an absolute divorce to Mrs. Mazique's husband, Dr. Edward C. Mazique, on grounds of desertion. The trial court further awarded Dr. Mazique sole interest in real estate owned by the parties; awarded custody of the couple's two minor children to the wife; ordered the husband to pay $400 a month for the minors; and denied Mrs. Mazique any alimony for her own support. These aspects of the judgment were also affirmed below. 206 A.2d 577 (1965).

Throughout these proceedings before this court, and the lower courts as well, appellant has elected to defend her case *without the assistance of counsel.* She has, in the course of this litigation: dismissed court appointed counsel; declined an offer to have counsel of her own choosing appointed for her; and, in an earlier appeal to the D. C. Court of Appeals, obtained permission to appear at trial *pro se*, albeit "with the understanding that she would not receive special

consideration because of her lack of legal training." 206 A.2d at 579.[1]

The testimony at the trial was in considerable conflict. What does appear is this: The parties were married in the District of Columbia in 1937 and lived together until the appellant left the home in the early morning hours of November 7, 1961. The trial court found this to be an unjustified desertion on her part. There was evidence of family detritus, including several incidents in the previous few months—particularly on September 13, 1961. Appellant offered testimony in an attempt to show cruelty by her husband and thus establish constructive desertion, but this was excluded on the ground that following Dr. Mazique's moving out of the home in January, 1961, and his return in April, 1961, the parties resumed intercourse, which constituted condonation by the wife, rendering earlier history irrelevant.

As to financial matters, the evidence showed that the husband entered medical school about the time of the marriage and that he has since become a successful physician. The wife worked during at least the early years of the marriage; the record does not show whether, or when, she stopped working. There was conflicting testimony about the relative contributions of the parties to the family's support in the early years of the marriage, as well as their relative contributions to the purchase of certain property, some of which was held in the husband's name alone, and some in both their names. There was scant evidence concerning the amount and disposition of the parties' incomes during the 18 years they lived together after the husband began practicing medicine. Such evidence was limited on the husband's part to the statement that he supported his family (including paying for his wife's credit accounts and traveling expenses) and the introduction of the income tax returns (both joint and individual) he filed in 1961–63; on the appellant's part, there was only the statement that she paid for some charge accounts and travel expenses herself.

The trial court found that Dr. Mazique was telling the truth and that most of what Mrs. Mazique said was made of "whole cloth," id est, fabricated. Accordingly, the court awarded the husband an absolute divorce and all the property. Since the judge found that Mrs. Mazique had deserted her husband "with malice prepense," he held she was entitled to no support or maintenance. The court gave custody of the children to the wife, as her husband had agreed at the trial, and ordered him to contribute $400 monthly for their support.

## I

Appellant first contends that the trial court erred in finding that she had deserted her husband rather than finding him guilty of constructive desertion through acts of cruelty, which forced her to abandon the marital abode for her own physical safety.

It is well settled in this jurisdiction that a spouse who seeks to justify his or her desertion by establishing a constructive desertion on the part of the other spouse must do so by proving acts of cruelty sufficient to support a limited divorce. Hales v. Hales, 207 A.2d 657 (D.C.App.1965); Conners v. Conners, 208 A.2d 94 (D.C.App.1965); Schreiber v. Schreiber, 139 A.2d 278 (D.C.Mun.App.1958). Failure to establish constructive desertion quite naturally entitles the opposing spouse to a divorce on the grounds of unwarranted desertion, provided the guilty party remained away for the statutory two-year period required at the time this proceeding began. Title 16, D.C.Code, Section

[1]. On appellant's petition for allowance of appeal before this court, we appointed Mr. Armand Derfner as Amicus Curiae to assist us in determining whether to grant her an appeal. Mr. Derfner's thorough memorandum has been a significant aid to the court in its present decision, as well as the threshold determination to allow this appeal. He is to be commended for his fine and unselfish service to both the Bar and the community.

904(a) (2) (Supp. IV 1965).[2] Conners v. Conners, *supra.*

Even where one spouse has been guilty of an offense that would support a finding of constructive desertion, a presumption of forgiveness or condonation arises from a resumption of marital relations which, absent a satisfactory showing that no true forgiveness existed or that the apparent resumption of ordinary marital relations was illusory, cancels out the earlier offense. Pedersen v. Pedersen, 71 App.D.C. 26, 107 F.2d 227 (1939).

Here, the evidence concerning the events of November 7, 1961, which led to appellant's departure, as well as the evidence concerning the events on September 13, 1961, and several other occasions in the two preceding months, was in conflict. We hold that there was evidence from which the trial court could have found that Mrs. Mazique had deserted without just cause on November 7, 1961.

The trial court's inquiry in this case in deciding whether there was condonation when the husband returned in April, 1961, was admittedly limited to whether the parties continued to sleep together and whether there was intercourse. However, Mrs. Mazique did not present any evidence to show that the marital relationship was not fully resumed in April, and the next incidents described —including her moving to a separate room—came in September.

In view of the length of time the parties were together between April and September, and the absence of any testimony by the wife concerning difficulties during that period, the limited inquiry by the trial court on this subject did not constitute error.

## II

Appellant next contends that the trial court erred in awarding all of the parties' property to her husband. The trial judge must "exercise a sound judicial discretion in adjusting the property rights of the parties." Oxley v. Oxley, 81 U.S.App.D.C. 346, 348, 159 F.2d 10, 12 (1946); Hunt v. Hunt, 208 A.2d 731 (D.C.App.1965); Lundregan v. Lundregan, 176 A.2d 790 (D.C.Mun.App. 1962). Where jointly held property is involved, and the evidence shows that the husband contributed the bulk, if not all, of the funds for the purchase thereof, the wife's interest is deemed to be conditioned on her faithful performance of the marriage vows. "The defendant [Mrs. Mazique] by deserting her husband, breached that condition * * *." Richardson v. Richardson, 72 App.D.C. 67, 112 F.2d 19, 21 (1940); Oxley v. Oxley, *supra.*

Where property is held solely in the name of one spouse, the other spouse must make a showing of a legal or equitable interest therein. Mere contribution to the maintenance of the household does not create an equitable interest. Wheeler v. Wheeler, 88 U.S.App. D.C. 193, 188 F.2d 31, 32 (1951).

In view of the fact that the appellant presented no evidence with respect to her contribution to any of the properties after the first few years of the marriage, while the evidence concerning the early years was in conflict, we cannot say that the trial court abused its discretion in the property award.

## III

The next question presented by the appellant is whether the trial court erred in denying her alimony for her support. Under the District of Columbia Code, "[w]hen a divorce is granted on the application of the husband, the court may require him to pay alimony to the wife, if it seems just and proper." Title 16, D.C.Code, Section 913 (Supp. IV 1965). However, in Quarles v. Quarles, 86 U.S.App.D.C. 41, 179 F.2d 57, 58 (1949), we noted that "the trial court's determination of the propriety of the award under all the circumstances will not be disturbed, unless an abuse of discretion is made manifest by the

**2.** Present law, enacted September 29, 1965, allows an absolute divorce for "actual or constructive desertion" for one year. Pub.L. 217, 89th Cong., 1st Sess., § 2.

record." Also in *Quarles*, we further stated:

"From the very nature of the problem, however, no fixed set of rules or formulae can be substituted for a careful study of the particular facts and circumstances in each case. Nevertheless, certain impelling factors of an equitable nature have always affected such awards. Among the facts have been: the duration of the marriage; the number and age of the children; the age and health of the parties; their respective economic conditions—both present and prospective; the wife's contributions to the accumulation of the husband's property; the circumstances under which the divorce was granted; the effect, if any, upon the family; and the interest of society generally to prevent a person, wherever possible, from becoming a public charge."

From a consideration of the record as a whole, it would appear that insofar as evidence pertaining to these various factors was presented to the trial judge, they entered into his decision to deny alimony to the wife.

Particular weight was given by the trial judge to the fact that Mrs. Mazique had deserted her husband "with malice prepense." She admitted on cross-examination that she had begun looking for another place to live as early as October 20, 1961. Proof that a wife has abandoned her marital abode and the concomitant responsibilities of the marital relation without just cause or reason may properly be considered in determining whether to award her alimony. See Melvin v. Melvin, 76 U.S.App.D.C. 56, 129 F.2d 39 (1942); Howard v. Howard, 72 App.D.C. 145, 112 F.2d 44 (1940); *cf.* Lattisaw v. Lattisaw, 210 A.2d 11 (D.C.App.1965); Miller v. Miller, 180 A.2d 888 (D.C.Mun.App.1962). This factor, combined with the fact that Mrs. Mazique presented but minimal evidence relating to her contribution to the accumulation of the family's property, and that she refused to testify with respect to her present income [on the ground of self incrimination] and ability to earn a living suffice, in our view at least, to prevent our finding that an abuse of discretion was manifest in the denial of alimony to the wife on the facts of this case.

IV

Appellant asserts finally that the trial judge was biased and prejudiced towards her and that she was thus deprived of a fair trial. After carefully reviewing the entire transcript of the trial, we conclude that the record does not support a finding that the appellant did not receive a fair trial under the circumstances of this case.

After being represented by several different attorneys, including some of the ablest members of our Bar, during earlier phases of this protracted litigation, the appellant refused to have a new attorney appointed for her and won a ruling from the District of Columbia Court of Appeals that she was entitled to represent herself. Nevertheless, when she elected to proceed to trial *pro se* she could not expect or seek concessions because of her inexperience and lack of trial knowledge and training, since the court was bound to apply the rules of courtroom procedure equally binding on members and non-members of the Bar. Paton v. Rose, 191 A.2d 455, 456 (D.C. App.1963).

The effect on the conduct of the trial created by Mrs. Mazique's appearing without counsel was summarized by the trial judge in a statement made after evidence was in and the appellant had almost concluded her closing argument:

"THE COURT: [Interposing] Well, Mrs. Mazique, you were offered an attorney, an attorney was appointed for you, you rejected the attorney, and the Court said you ought to have an attorney. You wouldn't pay any attention to the Court. You went to the Court of Appeals and got them to rule that you didn't have to have an attorney. So here you are without an attorney, without any judg-

ment as to how to try the case, without any knowledge as to how to try the case, and you have just got to stand up and face the music." [Tr. 200].

This statement followed one of several instances in which the trial judge had admonished appellant against giving testimony when she was not herself a witness at the particular time involved. On the other hand, when Mrs. Mazique took the stand to testify as a witness, the court, over the objection of Dr. Mazique's counsel that she should not be allowed to deliver a "speech," was quite liberal in allowing her to testify in a narrative form. The judge recognized that "she doesn't know any better" and allowed her to continue in this manner [Tr. 132], although restricting her testimony to the relevant issues in the case. [Tr. 134].

 The trial judge exhibited no prejudgment or personal bias or prejudice towards any of the litigants, either at the outset of the trial or during the course thereof.[3] Knapp v. Kinsey, 232 F.2d 458 (6th Cir. 1956); Price v. Price, 174 A.2d 83 (D.C.Mun.App.1961); nor did he demonstrate such hostility toward the appellant which might affect the impartiality of his judgment. But cf. Whitaker v. McLean, 73 App.D.C. 259, 118 F.2d 596 (1941). The fact that the trial judge found Mrs. Mazique's testimony incredible does not establish bias or prejudice on his part. Beavers v. Beavers, 177 A.2d 892 (D.C.Mun.App. 1962). We, therefore, hold that by insisting that the trial be conducted in accordance with the "rules of the road," the trial judge did not deprive the appellant of a fair trial.

In conclusion, we note that at the trial the husband offered the wife a substantial property settlement, which included maintenance for herself and children in the amount of $400 a month, the sole ownership of a beach residence in Maryland, approximately $11,000 to pay the first trust on the home in which she now lives with her children—which offer Mrs. Mazique refused to accept. The husband continues to keep in force various substantial life insurance policies on his life, with both the appellant and the children as beneficiaries; keeps in force educational insurance policies for each child in the amount of $12,500 each, and pays for all personal, clothing, medical, dental and educational needs of the children. We were advised at the oral argument by Dr. Mazique's counsel (after he had consulted with his client), that the offer remained open.

Affirmed.

---

3. On Page 21 of the trial transcript the following colloquy appears:

"THE COURT: Well, I have found that pre-trial order. I see in here that I pre-tried the case and I made a memorandum in here, 'The clerk will not set this case for trial before Judge Burnett.'

"MR. BROWN: [Dr. Mazique's counsel]: Your Honor, that was the original case for separate maintenance in '61. Your Honor did not pre-try the 2502-'63, which is the present action.

"THE COURT: Well, does anybody have any objection to my hearing this case?

"MR. BROWN: There is none so far as I am concerned, Your Honor.

"THE COURT: Do you, Mrs. Mazique?

"MRS. MAZIQUE: I have no objection."