Morris J. LYONS, Appellant,

v.

Delores P. LYONS, Appellee.

Delores P. LYONS, Appellant,

v.

Morris J. LYONS, Appellee.

Nos. 6340, 6341.

District of Columbia Court of Appeals.

Argued June 19, 1972.

Decided Oct. 13, 1972.

George D. Gates, Washington, D. C., for Morris J. Lyons.

Maurice A. Guervitz, Washington, D. C., for Delores P. Lyons.

Before KELLY, KERN and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

In the Family Division of the trial court Delores P. Lyons was granted an absolute divorce based on a one-year voluntary separation from her husband, Morris J. Lyons. Pursuant thereto, the court awarded each party a one-half interest in their jointly owned marital abode, and additionally ordered the husband to pay to his wife the sum of $7,500 in settlement of her equitable interest in a savings account held solely in his name. Both parties appeal

from that portion of the order dealing with the wife's interest in the savings account. The husband argues that his wife has neither a legal nor equitable interest in the account, while the wife claims that she is entitled to $11,130 rather than the amount awarded. The husband also challenges the award of $750 in counsel fees on behalf of the wife.[1]

The record discloses that the parties were married in 1947 and for most of their married life both husband and wife were employed. During this time they shared household expenses equally but never maintained joint bank accounts. In 1959, according to the wife's testimony, they decided to buy a new house, and with that goal in mind, the wife gave one of her biweekly paychecks each month to her husband for deposit in his savings account. These payments continued through 1964 with the exception of a six-month period beginning in August of 1961 when the wife was unemployed. The husband denied that the wife had ever made these contributions.

The trial court, faced with conflicting testimony, determined that the wife had made significant contributions to her husband's account and that although "[a]ccording to [her] testimony, she made separate contributions to the savings account which when computed total $11,130.-00 . . . [t]he Court is unable to reconcile the computed amount of $11,130.00 with Plaintiff's demands for $7,500.00 and, therefore, determines that Plaintiff has an equitable right and interest in the said savings account in the amount of $7,500.00."

▆ It has long been settled in this jurisdiction that in a divorce proceeding the court may "adjudicate the property rights of the spouses, and award the wife property which belongs to her."[2] To jus-

---

1. The wife's additional claim for an award of $1,500, her contribution towards the purchase of an automobile, is without merit.

2. Wheeler v. Wheeler, 88 U.S.App.D.C. 193, 194, 188 F.2d 31, 32 (1951); Reilly v. Reilly, 86 U.S.App.D.C. 345, 182 F. 2d 108, cert. denied, 340 U.S. 865, 71 S.Ct. 90, 95 L.Ed. 632 (1950).

tify an award of property held solely in the name of one spouse it is necessary that the other spouse make a showing of a legal or equitable interest therein.[3] Although we have noted in the past that courts have been hesitant to find such equitable interests,[4] and that a wife's contribution to household expenses does not in itself provide an adequate basis for awarding her a share in her husband's property,[5] such a finding is not entirely without precedent.

In Hunt v. Hunt, D.C.App., 208 A.2d 731 (1965), this court approved an award to the wife of a one-half interest in real property held solely in her husband's name. Although the wife made no financial contribution to the purchase of the property, the land had been held by husband and wife as tenants by the entirety until it was transferred without consideration to the husband's mother in order to place it beyond the reach of creditors and also to enable the husband to proceed in forma pauperis in a criminal case he was then facing. Prior to the divorce action the mother died, leaving the property to the husband as sole owner. The court found that the transfer of the property had not destroyed the wife's equitable one-half interest.

In the recent case of Mumma v. Mumma, D.C.App., 280 A.2d 73 (1971), we reversed an award of a one-half interest to the wife of property owned solely by her husband. There, the wife's only contribution to the family finances was the performance of sporadic clerical services for her husband at an early stage in his career, and it was found that this did not entitle her to an equitable interest in her husband's property.

■ The facts in the instant case are clearly distinguishable from those presented in *Mumma*. Here, the trial court found, and the finding is supported by the record,[6] that Mrs. Lyons made substantial monthly contributions from her earnings to her husband's savings account over a period of several years. The court thus was justified in returning to her that portion of the property which belonged to her.

■ We disagree, however, with the wife's contention that the trial court erred in awarding her $7,500 rather than the higher sum to which she testified she was entitled. The figure of $7,500 was apparently derived from a financial statement filed by Mrs. Lyons at the outset of the litigation in which she listed as one of her

Before specific statutory power existed for such adjudication it was held that jurisdiction over these property disputes sprang from the general equity powers of the District Court for the District of Columbia, then the forum for domestic relations suits. After the transfer of domestic relations jurisdiction to the Municipal Court (now the Superior Court of the District of Columbia) which was not a court with general equity powers, Congress passed the Act of September 9, 1959, giving the new Domestic Relations Branch jurisdiction of "determinations and adjudications of property rights, both real and personal, in any action hereinabove referred to in this section, irrespective of any jurisdictional limitation imposed on the Municipal Court for the District of Columbia." This language appears unchanged but for the name of the court in the present D.C.Code as § 11–1101(8) (Supp. V, 1972). It has been construed by this court to mean that the Domestic Relations Branch can "adjudi-

cate the respective rights of the parties in any or all property to which one or the other makes claim." Posnick v. Posnick, D.C.Mun.App., 160 A.2d 804, 807 (1960). *See also* Dickason v. Dickason, D.C.App., 263 A.2d 640 (1970).

3. Wheeler v. Wheeler, *supra* note 2; Mazique v. Mazique, 123 U.S.App.D.C. 48, 356 F.2d 801, cert. denied, 384 U.S. 981, 86 S.Ct. 1882, 16 L.Ed.2d 691 (1966); Mumma v. Mumma, D.C.App., 280 A.2d 73 (1971).

4. Mumma v. Mumma, *supra* note 3, at 76.

5. Wheeler v. Wheeler, *supra* note 2, at 194, 188 F.2d at 32.

6. The record shows that for the years in question the husband's net earnings were $16,200 in total, making it inherently incredible that he could have saved the amount in question from his wages by himself.

assets a $7,500 share of this savings account. At trial, in response to direct and cross-examination, she stated that the lower figure had merely been a rough approximation.[7] The trial court chose to accept that figure, however, and as we are bound to give due regard to its opportunity to weigh the credibility of the witnesses, and we do not find that this was clearly erroneous, we must affirm its finding.[8]

The final point raised by the husband is that the trial court erred in awarding $750 in counsel fees to his wife without finding the exact number of hours spent by the wife's counsel on the case, or determining his ability to pay. This is an area which is within the sound discretion of the trial court[9] and, as we said in Ritz v. Ritz, D.C.App., 197 A.2d 155 at 156–157 (1964),

> . . . it would require an extremely strong showing to convince this court that an award is so arbitrary as to constitute an abuse of discretion. Certainly the trial court is not bound by any mathematical computation of time consumed multiplied by some hourly rate. Consideration should be given to many factors, including the quality and nature of the services performed, the necessity for such services, the results obtained from the services, and the husband's ability to pay.

Although the trial court made no specific finding as to the husband's present income, the record contains ample proof of the assets held by him at the time of trial. The trial court was also aware that the wife's counsel expended a significant number of hours, both in and out of court, in handling the case. The award was not, therefore, an abuse of discretion.

Affirmed.

7. The only informative bank statement introduced at trial showed that the balance in the account rose, with irregular deposits, from $660.51 in December of 1961 to $12,496.47 in December of 1964.

8. D.C.Code 1967, § 17–305 (Supp. V, 1972).

9. Stephenson v. Stephenson, D.C.App., 221 A.2d 917 (1966); McEachnie v. McEachnie, D.C.App., 216 A.2d 169 (1966).