Charles Bernard CAMPBELL, Appellant,

v.

Lloyd Gwendolyn Randolph CAMPBELL,
Appellee.

No. 9627.

District of Columbia Court of Appeals.

Submitted Jan. 16, 1976.

Decided Feb. 27, 1976.

Earl H. Davis, Washington, D. C., was on the brief for appellant.

Robert Cadeaux and Suzanne V. Richards, Washington, D. C., were on the brief for appellee.

Before GALLAGHER, HARRIS, and MACK, Associate Judges.

HARRIS, Associate Judge:

This case arises from a divorce proceeding. Appellant-husband challenges an order which provided, *inter alia*, that appellee-wife be awarded certain funds which had been held in escrow in the court's registry, as well as sole title to a jointly owned house located at 5807 Fifth Street, N.W. We affirm.

The subject funds were the net proceeds of a settlement in a tort action which had been brought by appellant against a third party.[1] Following an order dated June 6, 1973, which awarded appellee an absolute divorce and entered a judgment against appellant for $5,875 in arrearages of previously ordered temporary support and maintenance, appellee successfully moved to attach the proceeds of the tort settlement in favor of her husband. In an order dated August 15, 1973, denying appellant's motion to quash the attachment, the court directed that the funds from the tort settlement "be held in escrow by this Court pending the outcome of Appeal No. 7610, as on account of supersedeas."

We resolved our case No. 7610 in *Campbell v. Campbell,* D.C.App., 325 A.2d 188 (1974). We there disposed of the appeal from the earlier order by holding that it was reversible error for the trial of the divorce action to have proceeded in the absence of appellant and his attorney. We remanded the cause for a trial de novo. The following day (September 18, 1974) the court, pursuant to a motion by appellee, ordered the continued escrow of the disputed funds pending the outcome of the second adjudication. The trial de novo re-

---

1. While standing at the rear of his taxicab, appellant was struck by a car driven by a friend of his wife (she was a passenger in the car at the time). The suit was settled; the net proceeds thereof were $3,175.42.

sulted in an order dated April 10, 1975, which granted an absolute divorce to appellee and directed the disbursement which now is challenged by appellant.

The thrust of appellant's argument is not that the initial attachment of his settlement was improper, but rather that once the judgment which was secured by the hostage funds had been set aside by this court, the supersedeas function of the attachment was completed and hence the justification and authority for a continued escrow expired.[2] We disagree.

■■ We need not reach the issue of the effect of a remand for a trial de novo upon the procedural device of supersedeas, for we conclude that the holding of appellant's funds, whether pending the initial appeal or in anticipation of the readjudication of the cause on remand, lies within the equitable authority of the trial court arising from the special statutory provisions governing divorce proceedings. D.C.Code 1973, § 16–911 empowers the court to require that a husband pay maintenance and support during the pendency of a divorce action, and provides that the court may "enforce any order relating thereto by attachment and imprisonment for disobedience." Subsection (3) of that statute expressly provides that the enforcement powers of the court include the authority to sequestrate the husband's property, and the property subject to such attachment is not limited to tangible assets. *See, e. g., Seidenberg v. Seidenberg,* 96 U.S.App.D.C. 245, 225 F.2d 545 (1955) (spendthrift trust); *Montgomery v. Montgomery,* 80 U.S.App. D.C. 344, 345, 153 F.2d 634, 635 (1946) (government pension); *Schlaefer v.*

*Schlaefer,* 71 App.D.C. 350, 112 F.2d 177 (1940) (disability insurance benefits). In discussing the similarly worded predecessor to the current provisions, the *Schlaefer* court concluded (*id.* at 357, 112 F.2d at 184):

> The act does not define "property." It is fairly to be implied from its purpose, however, that the term was not used narrowly. The making of provision for the wife's sustenance requires a liberal interpretation, to the extent, perhaps, of including all assets of the husband not otherwise specifically and clearly exempted from her claim. The Congress hardly can have intended to keep the wife alive if the husband has real estate, but allow her to starve if he owns only money or obligations.

We conclude that extrinsic judgments which have been entered in favor of a husband are within the purview of the court's sequestration authority.

■ Appellant's emphasis on the concept of supersedeas is misplaced. Neither the asserted limitations imposed by the traditional doctrine of supersedeas,[3] nor the more restrictive philosophy reflected in the related general statutory attachment procedures,[4] mandate limitation of the exercise of the distinct and supplemental authority provided by § 16–911. *See Schlaefer v. Schlaefer, supra* at 357, 112 F.2d at 184. It is clear that pursuant to § 16–911 the motions judge would have had the power to order the disputed sequestration had the initial attachment first been moved pending the trial de novo on remand. We see no reason why this authority should be

---

2. Appellant's objection would appear to be more properly directed toward the order of September 18, 1974, which continued the sequestration, rather than the order of disbursement on April 10, 1975. It has been held that an order for alimony pendente lite is a final order from which an appeal may be taken. *See Cole v. Cole,* 67 F.Supp. 134 (D.D.C. 1946), *rev'd on other grounds,* 82 U.S.App. D.C. 155, 161 F.2d 883 (1947); *Lesh v. Lesh,* 21 App.D.C. 475 (1903). While it is unneces-

sary for the disposition of this appeal to decide whether an order of sequestration in support of a decree of temporary alimony also is immediately appealable, we note that it was not until the late date of this appeal that appellant chose to protest the order which continued the escrow of his funds.

3. *Cf.* Super.Ct.Civ.R. 62–I.
4. *See* D.C.Code 1973, § 16–501 *et seq.*

diminished by the fact that the funds had been attached previously in order to fulfill what the court's order characterized as a supersedeas function.

■ The ordering of temporary alimony or maintenance rests within the discretion of the trial court and will not be disturbed absent clear abuse. *Dennis v. Dennis,* D.C.Mun.App., 140 A.2d 180 (1958); *see Rutherford v. Rutherford,* D.C. App., 189 A.2d 124 (1963). We conclude that a similar standard is applicable for our review of the use of sequestration to enforce such an order. The two judgments for arrearages, as well as the finding of contempt, which previously were entered against appellant satisfied the prerequisite condition of a failure or refusal to pay [*see* § 16–911(3)], and amply demonstrated the need for some technique for enforcement of the order requiring payments. We find no abuse of discretion in the continued sequestration of the extrinsic tort settlement.

■ Nor do we find fault with the disbursement order. As the trial de novo resulted in yet another finding of willful contempt and a judgment against appellant for $5,625 in arrearages, it was within the authority of the trial court to apply the hostage funds toward the satisfaction of the judgment. We conclude that the order disbursing the disputed $3,175.42 to appellee was proper, and did not amount to an abuse of discretion.[5]

Appellant's second point of appeal challenges the award of sole title to the jointly owned home to the wife. The authority for such on order upon the entry of a final decree of absolute divorce is set forth in D.C.

Code 1973, § 16–910, which empowers the court to award or apportion jointly held property "in such manner as seems equitable, just, and reasonable." Appellant argues that the award amounted to an abuse of discretion, suggesting that the trial court failed to attach appropriate significance to the alleged disproportionality of the spouses' relative contributions to the freehold.

■ We are unconvinced that the record demonstrates the degree of disparity of investment urged by appellant. Furthermore, where jointly held property is at stake, it is the rule in this jurisdiction that financial contribution is not the sole, or necessarily even the determinative, criterion in resolving such questions. *See King v. King,* D.C.App., 286 A.2d 234 (1972). *Compare Mazique v. Mazique,* D. C.App., 206 A.2d 577 (1965), *aff'd,* 123 U.S. App.D.C. 48, 356 F.2d 801, *cert. denied,* 384 U.S. 981, 86 S.Ct. 1882, 16 L.Ed.2d 691 (1966). The issue is to be determined on a case by case basis, according to the totality of the circumstances. To be taken into account are factors such as the relative ability of the parties to shelter themselves (and their children) adequately, and each party's contributions to the maintenance of the household, in addiition to a simple accounting of the parties' respective monetary investments. *See Sebold v. Sebold,* 153 U.S.App.D.C. 406, 414, 444 F.2d 864, 872 (1971). The record reveals that the trial judge gave full and proper attention to such considerations, and reached a conclusion supported by the facts. The claim of abuse of discretion is without merit. *See Lee v. Lee,* D.C.App., 307 A.2d 757, 760 (1973). *See also Cole v. Cole,* D.C.App., 193 A.2d 76 (1963).

---

5. We are not persuaded, however, by appellee's assertion that to have failed to order such disbursement would have amounted to an improper retroactive modification of the accrued installments. *See Kephart v. Kephart,* 89 U.S.App.D.C. 373, 377–80, 193 F.2d 677, 681–84 (1951), *cert. denied,* 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952). *See generally Sistare v. Sistare,* 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910). While it is true that ap-

pellee's right to past installments became vested as they fell due, that fact does not mandate the conclusion that appellee was thereby entitled to the particular assets which had been sequestered or attached to secure such payments. The manner of enforcement, including employment of the sequestration procedure, lies within the sound discretion of the court.

We further conclude that there is no support for appellant's additional contention that the trial court erred in finding him in willful contempt. Appellant has repeatedly failed to make any significant attempt to satisfy the requirements of previous lawful orders and judgments for arrearages. His chronic contumacy amply supports the finding of contempt. *See Johnson v. Johnson,* D.C.App., 195 A.2d 406 (1963); *Kephart v. Kephart,* 89 U.S. App.D.C. 373, 376, 193 F.2d 677, 680 (1951), *cert. denied,* 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952); D.C.Code 1973, § 17–305(a).

*Affirmed.*