**William N. TURPIN, Appellant,**

v.

**Christine Camp TURPIN, Appellee.**

**No. 13658.**

District of Columbia Court of Appeals.

Argued March 14, 1979.

Decided June 25, 1979.

---

Peter R. Sherman, Nancy W. Truscott, Washington, D. C., for appellant.

Elizabeth Guhring and Pamela B. Dulles, Washington, D. C., for appellee.

Before KELLY, HARRIS and MACK, Associate Judges.

HARRIS, Associate Judge:

This is an appeal from a property disposition made pursuant to the entry of a decree of divorce. The trial court granted appellant-husband a divorce from appellee, his second wife. Appellant contends that the court abused its discretion as exercised under D.C.Code 1978 Supp., § 16–910, in awarding the appellee-wife 75 percent of a jointly-owned cooperative apartment and 50 percent of a jointly-titled $25,000 bond. Appellant also urges that the trial court abused its discretion in adopting proposed findings of fact and conclusions of law as drafted by counsel for appellee, and in awarding $2,000 attorney's fees to the wife. We affirm.

I

D.C.Code 1978 Supp., § 16–910, is the section of the District of Columbia Marriage and Divorce Act of 1977 which deals with the dissolution of property rights following the entry of a decree of divorce. It provides that the court shall:

(a) assign to each party his or her sole and separate property acquired prior to the marriage, and his or her sole and separate property acquired during the marriage by gift, bequest, devise, or descent, and any increase thereof, or property acquired in exchange therefor; and

(b) distribute all other property accumulated during the marriage, regardless of whether title is held individually or by the parties in a form of joint tenancy or tenancy by the entireties, in a manner that is equitable, just and reasonable, after considering all relevant factors including, but not limited to: the duration of the marriage, any prior marriage of either party, the age, health, occupation, amount and sources of income, vocational skills, employability, assets, debts, and

need of each of the parties, provisions for the custody of the parties, provisions for the custody of minor children, whether the distribution is in lieu of or in addition to maintenance, and the opportunity of each for future acquisition of assets and income. The court shall also consider each party's contribution to the acquisition, preservation, appreciation, dissipation or depreciation in value of the assets subject to distribution under this subsection, and each party's contribution as a homemaker or to the family unit.

The trial court determined that neither the cooperative apartment nor the bond was assignable to the appellant-husband as his sole and separate property pursuant to subsection (a). The court found, rather, that both the apartment and the bond were marital property subject to distribution between the spouses pursuant to subsection (b). We agree with that ruling.

Under the identically-numbered predecessor to the present statute, only jointly-held property could be apportioned by the court.* *See, e. g., McGean v. McGean,* D.C. App., 339 A.2d 384, 387 (1975); *Mumma v. Mumma,* D.C.App., 280 A.2d 73, 75 (1971). Individually-owned property could not be distributed under the old statute, but it could be awarded in whole or in part to the nontitled spouse in circumstances in which he or she could demonstrate a legal or equitable interest in the property. *See Hemily v. Hemily,* D.C.App., 403 A.2d 1139 at 1141–1142; *McGean v. McGean, supra,* at 387–88; *Lyons v. Lyons,* D.C.App., 295 A.2d 903, 904–05 (1972); *Mumma v. Mumma, supra,* at 75; *Hunt v. Hunt,* D.C.App., 208 A.2d 731, 733 (1965); *Wheeler v. Wheeler,* 88 U.S.App.D.C. 193, 194, 188 F.2d 31, 32 (1951). Additionally, in order to allow the court flexibility in adjudicating property settlements, the prior law was interpreted as vesting trial judges with broad discretion in distributing jointly-held property, with

each case to be decided on its particular facts in light of the totality of the circumstances. *See, e. g., Campbell v. Campbell,* D.C.App., 353 A.2d 276, 279 (1976); *Chamberlain v. Chamberlain,* D.C.App., 287 A.2d 530, 532 (1972); *Lundregan v. Lundregan,* D.C.App., 176 A.2d 790, 792 (1962).

By enacting the 1977 amendment of § 16–910, however, the legislature changed the statutory scheme. Unlike its predecessor, the present-day section authorizes the Superior Court to distribute individually as well as jointly-held property, with certain exceptions. Those exceptions, which are at issue here, are contained in § 16–910(a), and remove the following limited types of "sole and separate property" from the discretion of the Superior Court: (1) "sole and separate property acquired prior to the marriage," (2) "sole and separate property acquired during the marriage by gift, bequest, devise, or descent," and (3) "any increase in [(1) or (2)]," or (4) "property acquired in exchange [for (1) or (2)]."

 As is clear from the language of subsection (a), a threshold requirement for exception of property is that the property be the "sole and separate" property of one spouse. If and when the property is put in joint names—for whatever reason—then it is no longer exempted under subsection (a) but rather falls within subsection (b), under which the trial court is to determine how the property is to be distributed. Furthermore, the judge's broad discretion in allocating this property is unaffected by subsection (b). In its recent enactment the legislature has merely enumerated several nonexclusive factors that the trial court is to consider in the exercise of its discretion. These factors are largely a codification of the guidelines enunciated in the cases which construed the bounds of the trial court's authority under the old § 16–910. *Compare* D.C.Code 1978 Supp., § 16–910(b), *with*

---

* D.C.Code 1973, § 16–910, provided:

> Upon the entry of a final decree of annulment or absolute divorce, in the absence of a valid antenuptial or postnuptial agreement in relation thereto, all property rights of the parties in joint tenancy or tenancy by the entirety shall stand dissolved and, in the same proceeding in which the decree is entered, the court may award the property to the one lawfully entitled thereto or apportion it in such manner as seems equitable, just, and reasonable.

*Campbell v. Campbell, supra,* at 279; *Chamberlain v. Chamberlain, supra,* at 532; *Lundregan v. Lundregan, supra,* at 792. *See also Quarles v. Quarles,* 86 U.S.App.D.C. 41, 42, 179 F.2d 57, 58 (1949). Thus, the trial court's discretion under the new statute is at least as broad as it was under the old.

## II

The husband contends that the trial court's distribution of the couple's jointly-owned cooperative apartment and bond was improperly made under § 16–910(b), and that those assets should have fallen under § 16–910(a) for assignment to him. The apartment at issue was purchased by both parties, in joint names, two years after they married. The bulk of the payment therefor came from the sale of a home which the husband had owned individually previous to the marriage, but which thereafter had been mortgaged in their joint names. Both spouses contributed some cash toward the purchase of the apartment, the two took possession as joint owners, and they lived in it together for seven years. The husband argued that 84.73 percent of the purchase price of the apartment is directly traceable to the proceeds of the sale of the house which he owned individually prior to his marriage to appellee. Thus, he urges that an interest in the apartment equal to this percentage should have been assigned to him as his sole and separate property under § 16–910(a). This argument misconceives the language of the statute.

▬▬ There is no room under subsection (a) for apportioning property or tracing funds. That role is reserved specifically for subsection (b). As noted above, subsection (a) applies to the "sole and separate" property of a spouse. In this case there was nothing at all "sole and separate" about the cooperative apartment. It was jointly funded, jointly owned, and jointly lived in by the parties. Therefore, it was distributable under § 16–910(b). Certainly, under this subsection the trial court is obliged to consider the amount each party contributed toward the property, but that element alone is not controlling. Instead, the court's deci-

sion is to be based upon an assessment of the totality of the circumstances. The record reflects that the court did just that; it took into account the relevant factors enumerated in § 16–910(b), and awarded a 75 percent interest in the apartment to the wife. There was no abuse of discretion in such a distribution.

▬▬ The husband makes a similar argument as to the bond, noting that all of the funds for its purchase came from the sale of his house. Our conclusion, however, is the same as on the apartment issue. The bond was not the sole and separate property of appellant. It was acquired during the marriage, and was titled to both spouses as joint owners. Thus, it too was distributable under subsection (b), rather than subsection (a). Again, the record indicates that the court considered the totality of the circumstances in regard to the bond, including the facts (1) that the spouses exercised joint and equal dominion and control over it, (2) that interest from the bond was deposited monthly to their joint checking account and was used to pay family expenses, and (3) that the bond was kept in a jointly-controlled safety deposit box. The trial court awarded a 50 percent interest in the bond to each party. Once again, there was no abuse of discretion.

## III

▬▬ The husband next contends that the court abused its discretion in awarding $2,000 in attorney's fees to the wife. D.C. Code 1978 Supp., § 16–911(a), contemplates an award of attorney's fees, and on the record before us we find no abuse of discretion in the amount awarded. *See Lyons v. Lyons, supra,* at 906; *McGehee v. Maxfield,* D.C.App., 256 A.2d 576, 579 (1969); *Kemp v. Kemp,* D.C.App., 206 A.2d 731, 732 (1965); *Ritz v. Ritz,* D.C.App., 197 A.2d 155, 157 (1964).

## IV

Finally, appellant claims that the trial court erred, as a matter of law, in adopting as its own the findings, conclusions, and

judgment as drafted by counsel for the wife. The court requested that counsel for both parties prepare and submit proposed findings and conclusions, and the court then signed the wife's—apparently adding on its own only the amount ($2,000) to be awarded as attorney's fees.

We recently sanctioned such a practice in *Sullivan v. Malarkey,* D.C.App., 392 A.2d 1057 (1978). *See also Skiff v. Skiff,* D.C. App., 277 A.2d 284, 286 n.2 (1971). In *Sullivan v. Malarkey,* we noted:

> While our standard of review properly should be more strict when the court adopts verbatim the findings proposed by one party, . . . the essential consideration on review is whether the court's findings and conclusions ultimately represent the judge's own determinations. [392 A.2d at 1061 (citation omitted).]

 Our review of the record satisfies us that no error was committed in the trial court's adoption of the findings and conclusions which were submitted by the wife's attorney.

*Affirmed.*