Adgerena BROADWATER, Appellant,

v.

James BROADWATER, Appellee.

No. 81–475.

District of Columbia Court of Appeals.

Argued April 29, 1982.

Decided July 26, 1982.

Cathy S. Surace, Washington, D. C., with whom Bruce Kleinman, Baldwin, N. Y., and Deborah R. Rath, Pleasantville, N. Y., were on the brief, for appellant.

Cecilie A. Vaughters, Dayton, Ohio, for appellee.

Before KERN, NEBEKER and MACK, Associate Judges.

PER CURIAM:

The parties to this appeal were married in 1945 and ceased living together more than 30 years later after six children were born of the marriage. Five of these children survive and are all emancipated. The marital home is the sole jointly-owned asset and the primary issue on appeal is the propriety of the trial court's division of this property—a 60% interest to the husband and a 40% interest to the wife. The wife also complains of the court's order insofar as it (1) directs her to make a contribution to the husband's attorney fees and (2) orders that the husband's counterclaim for alimony from the wife be held in abeyance pending her obtaining employment.

The trial court, after hearing testimony from both parties as well as medical

testimony concerning the husband's "degenerating spinal arthritis," awarded the husband possession and a 60% ownership interest in the marital home, and "the first right" within a specific period of time to purchase the wife's resultant 40% ownership interest at "market value." The disposition of contested property pursuant to D.C.Code 1981, § 16–910(b) is within the exercise of the trial court's broad discretion in domestic relations matters. *Turpin v. Turpin,* D.C.App., 403 A.2d 1144 (1979). *See Benvenuto v. Benvenuto,* D.C.App., 389 A.2d 795 (1978). We are satisfied upon review of this record that the court's division of the parties' ownership interests in the marital home was according to § 16–910(b), and is supported by the evidence. *See Quarles v. Quarles,* D.C.App., 353 A.2d 285, 287 (1976); D.C.Code 1981, § 17–305(a). Accordingly, we affirm this portion of the court's order.[1]

■ However, we are constrained to reverse the court's conclusion that the husband was "entitled to a contribution from [the wife] for attorney fees," given the evidence of record that the husband's monthly income was $500 in contrast to the wife's income of $180 per month and that she is 60 years of age with limited employability. We note in this connection that the court's finding that she was "capable of working and providing maintenance and support for herself" does not constitute a finding that she was also capable of contributing to her husband's attorney fees. *See generally, Ritz v. Ritz,* D.C.App., 197 A.2d 155, 156–67 (1964) (factors to be considered in awarding attorney fees include spouse's ability to pay, quality and nature of services, necessity for services, and re-

sults obtained). Similarly, we deem the court's conclusion that the husband might "reserve his claim for alimony ... should she return to her employment" as being without support in the evidence and the findings. That the wife could obtain employment at her age and with her prior history of relatively unskilled work was speculative and unsupported by this record.

Accordingly, the trial court's order insofar as it awards a divorce to the wife and apportions the ownership of the marital home is affirmed. Otherwise, the order is reversed and the case remanded for proceedings consistent with this opinion.

*So ordered.*

1. The wife cites to *Leftwich v. Leftwich,* D.C. App., 442 A.2d 139 (1982), and argues that in awarding the wife only a 40% ownership interest in the marital home the trial court failed to consider the fact that it did not award any alimony to her. However, in the instant case, the wife waived at the beginning of the trial any claim for alimony by advising the court that the only contested issues were the divorce and the distribution of the jointly-owned realty. (Record at 4.) Moreover, we note that the *Leftwich* court reversed the order distributing marital property because of the disproportion-

ate nature of that award and because of the trial court's failure to consider many of the relevant factors set forth in D.C.Code 1981, § 16–910(b), not merely the absence of alimony. *Id.* at 143. It is apparent from the record in the present case that the court considered all relevant factors, including the amount each party contributed toward the property, the duration of the marriage, the health of the parties, their occupations, incomes, employability, needs, and the contributions of each to the family unit. *See Turpin, supra* at 1146.